**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 03-4802**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DESMOND OLLIVIERRE, a/k/a James Franklin
Bridges,

Defendant - Appellant.

—————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7096)

—————

Submitted: October 17, 2005          Decided: November 22, 2005

—————

Before WILLIAMS and KING, Circuit Judges, and Louise W. FLANAGAN,
Chief United States District Judge for the Eastern District of
North Carolina, sitting by designation.

—————

Vacated and remanded by unpublished per curiam opinion.

—————

John H. Hare, Assistant Federal Public Defender, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.
Jonathan S. Gasser, Acting United States Attorney, Marshall Prince,
Assistant United States Attorney, Jimmie C. Ewing, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

On August 13, 2004, this court affirmed Desmond Ollivierre's conviction and sentence. See United States v. Ollivierre, 378 F.3d 412 (4th Cir. 2004). On January 24, 2005, the Supreme Court of the United States granted Ollivierre's petition for writ of certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 543 U.S. ____, 125 S. Ct. 738 (2005). We vacate the sentence and remand for resentencing.

In Booker, the Supreme Court held Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756.

In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we held that a sentence imposed under the pre-Booker mandatory sentencing scheme that was enhanced based on facts found by the

court, not by a jury, constitutes plain error. That error affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

Because the district court engaged in judicial fact-finding to determine Ollivierre's offense level and the resulting guideline range was imposed in a mandatory manner, there was a Sixth Amendment violation under Booker.[1] On remand, the court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546.

Accordingly, we vacate the sentence and remand for further consideration in light of Booker and Hughes.[2] We dispense with oral argument because the facts and legal contentions are

---

[1]The convictions were affirmed in our prior opinion and are not before us now.

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Ollivierre's sentencing.

- 3 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<span style="text-align: right;">      <u>VACATED AND REMANDED</u></span>