**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4042**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESMOND OLLIVIERRE, a/k/a James Franklin Bridges,

Defendant - Appellant.

———————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 06-6637)

———————————

Submitted:  April 21, 2008          Decided:  May 16, 2008

———————————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Kevin F. McDonald, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Ollivierre was convicted by a jury in 2003 of one count of possession with intent to distribute crack cocaine and sentenced to 225 months imprisonment. This court affirmed Ollivierre's conviction and sentence. United States v. Ollivierre, 378 F.3d 412 (4th Cir. 2004). The Supreme Court granted Ollivierre's petition for writ of certiorari, vacated this court's judgment and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Ollivierre v. United States, 543 U.S. 1112 (2005). We, in turn, remanded the case for resentencing. United States v. Ollivierre, No. 03-4802 (4th Cir. Nov. 22, 2005) (unpublished).

On remand, the district court resentenced Ollivierre to 210 months imprisonment. He appealed, challenging the district court's refusal to depart from the advisory guidelines range which took into account the 100:1 crack to powder cocaine ratio. This court affirmed on the reasoning of United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that 100:1 ratio cannot be the basis of a variance), vacated, 128 S. Ct. 853 (2008). Ollivierre again filed a petition for writ of certiorari and, again, the Supreme Court vacated his sentence and remanded to this court for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558, 564 (2007) (holding that a sentencing judge is free to consider the disparity between the Guidelines' treatment of crack

- 2 -

and powder cocaine offenses in determining whether, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." (citing 18 U.S.C. § 3553(a) (2000)).

Upon review of the record, we conclude that resentencing is warranted. Therefore, we vacate Ollivierre's sentence and remand to the district court for resentencing in light of Kimbrough. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

- 3 -